Ramin R. Younessi, Esq. (SBN 175020)
ryounessi@younessilaw.com
Heather N. Phillips, Esq. (SBN 258638)
hphillips@younessilaw.com
Christopher S. Afgani, Esq. (SBN 336750)
cafgani@younessilaw.com
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys For Plaintiff
GONZALO MATA

SEYFARTH SHAW LLP
Mandana Massoumi (SBN 191359)
mmassoumi@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO MATA, an individual, | Case No. 1:25-cv-00667-KES-BAM |
| Plaintiff, | DISTRICT JUDGE HON. KIRK E. SHERRIFF |
| v. | MAGISTRATE JUDGE HON. BARBARA A. MCAULIFFE |
| TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 20, inclusive, | **JOINT STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER** |
| Defendants. | Complaint Filed: April 18, 2025<br>Action Removed: June 3, 2025<br>Trial Date: June 29, 2027 |

The dispute in this action involves amongst other claims allegations of age discrimination, ultimately involving the discovery of information relating to private information of Plaintiff, Gonzalo Mata, and confidential business practices of Defendant, Target Corporation. During the course of this litigation, highly confidential and proprietary information will need to be shared through discovery or otherwise between the parties and the Court. So that both parties can continue to protect their proprietary and private information involving descriptions of business methods not generally known to the public and personal information as to the plaintiff, the parties propose this Stipulation.

This Stipulation governs the covenant of Plaintiff Gonzalo Mata ("Plaintiff") and Defendant Target Corporation ("Defendant") (collectively, "Parties"). The Parties, by and through their respective counsel, hereby stipulate and agree that any documents, information, testimony or transcripts ("Material") deemed by any Party or by any person or entity that is not a party to this action ("Third-Party") to be confidential, proprietary, trade secret and/or subject to a right of privacy ("Confidential Information"), shall be designated and protected according to the following terms and conditions:

**I.  DESIGNATING PROTECTED MATERIAL**

Any Party or Third-Party may determine in good faith whether any Material should be designated as "CONFIDENTIAL" ("Designating Party"). However, such good faith belief must be based on the fact that such information has not been made public and the Designating Party must have a good faith belief that if such information is disclosed it will have the effect of causing harm to a Party's competitive position or otherwise impinge upon a Party's right to privacy.

Parties and Third Parties shall also have the right to designate as "CONFIDENTIAL" Material produced, served or provided by other Parties or Third Parties, in which case the Designating Party shall notify the other Parties and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order. Any Material, or any part thereof, designated as

1  "CONFIDENTIAL" shall be used only for the preparation and trial of this action,
2  including discovery, pre-trial proceedings, trial, appellate proceedings, and petitions for
3  reconsideration and/or review, and shall not be used for any business, commercial or
4  other purpose.  Except as otherwise provided in this Stipulated Protective Order, or as
5  otherwise stipulated or ordered, any Material that a Party or Third-Party deems
6  "CONFIDENTIAL" must be clearly so designated. Designation in conformity with this
7  Stipulated Protective Order requires the following:

8      1.    For Material in documentary form (apart from transcripts of depositions or
9  other pretrial or trial proceedings), the Designating Party producing the documents shall
10 affix the legend "CONFIDENTIAL" at the top or bottom or by watermarking of each
11 page of a document that contains Confidential Information.  The Designating Party that
12 makes original documents available for inspection need not designate them for protection
13 under this Stipulated Protective Order until after the inspecting Party has indicated which
14 documents it would like copied and produced.  During the inspection and before the
15 designation, all of the documents made available for inspection shall be deemed
16 "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the inspecting Party has
17 identified the documents, it wants copied and produced, the Designating Party must
18 determine which documents qualify for protection under this Stipulated Protective Order;
19 then, before producing the specified documents, the producing Party must affix the legend
20 "CONFIDENTIAL" to each page of the documents that contain Confidential Information.
21 If, after production, a Party or Third-Party designates as "CONFIDENTIAL" documents
22 not previously designated, then any Party in possession of such documents shall designate
23 the documents as such in accordance with this Stipulated Protective Order.

24     2.    For testimony given in deposition, the Designating Party shall identify either
25 (a) on the record before the close of the deposition, or (b) within 20 days after receiving
26 the transcript of such deposition, all portions of the testimony that it wants to designate
27 as "CONFIDENTIAL."  Only those portions of the testimony that are designated for
28 protection during the deposition, or within the 20 days after receipt of the transcript of

such testimony, shall be covered by the provisions of this Stipulated Protective Order. The court reporter shall affix to the top or bottom of each page of a transcript containing Confidential Information the legend "CONFIDENTIAL" as instructed by a Designating Party's instructions. For testimony given in pretrial, trial proceedings, or any such court proceedings, the Parties will address any Confidential Information with the judicial officer conducting the proceeding at the time of any such proceeding.

3. For any Material produced in other than documentary form and for any other tangible items, the Designating Party producing such Material or tangible item shall affix in a prominent place on the exterior of the container or containers in which the material or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" any non-documentary Material or tangible item not previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Stipulated Protective Order.

## II. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

1. Subject to paragraph 3 below, all Material designated as "CONFIDENTIAL" may be disclosed only to:

   a. Outside counsel for a Party and in-house counsel for Defendant responsible for overseeing this action, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

   b. Experts, consultants, and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation or trial of this case, as well as their employees;

   c. The Parties to this action and their current directors, officers, and employees;

   d. Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

      e.    Personnel employed by the United States District Court for the Eastern District of California or any appellate court, including, the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks, and administrative support personnel; and

      f.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties to assist in dispute resolution.

    2.    A Designating Party may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any Material that contains private, confidential, proprietary and/or trade secret information that is so sensitive that such Material should not be disclosed to the directors, officers, or non-attorney employees of other Parties. Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to those persons and entities identified in paragraph II (1) (a), (b), (e) and (f) above.

    3.    Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph II(1)(b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information. Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order and submitting to the jurisdiction of the United States District Court for the Eastern District of California to enforce this Stipulated Protective Order. The Party who obtains any such signed statements shall retain possession of the statements and shall provide a copy of the statements at the written request of another Party. However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant, or witness until otherwise required to do so by law or order of the United State District Court for the Eastern District of California.

### III. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time during the pendency of this action, counsel for any Party wishes to challenge a Designating Party's designation of Material as containing Confidential Information, and to exclude such Material from the provisions of this Stipulated Protective Order, the Party shall follow the procedures for seeking judicial intervention for discovery disputes.  The Parties shall also first meet and confer in a good faith effort to resolve informally any disputes concerning this Stipulated Protective Order before seeking judicial intervention.

### IV. INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

Inadvertent production without prior designation of any Confidential or privileged Information shall be without prejudice to a Designating Party's right to later file a joint stipulation seeking to have the Confidential or privileged Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or to any other Party's right to argue that production of such Confidential Information constitutes a waiver under applicable law of the right to designate any Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or that such material must be returned as privileged. The Designating Party seeking to file a joint stipulation shall follow the procedures set forth, including meeting, and conferring in good faith before seeking any relief from the Court.

### V. MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION

1.  All Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall be kept in secure facilities. A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs B(1)(a) and (b) of this Stipulated Protective Order. Such requirement is not applicable to the Court.

2.  Any information, including, but not limited to, documents, interrogatory responses and depositions designated as containing Confidential Information, where

submitted to the Court with a pleading or as evidence, shall be delivered to the Court sealed and not be available for public inspection. Counsel for the respective Parties shall place any documents to be submitted to the Court in an envelope marked "SEALED," affix a copy of this Stipulated Protective Order to the documents and deliver the documents directly to the clerk or secretary of the Judge assigned to hear this matter. The Parties further agree that any Confidential Information filed under seal shall be accompanied by an application, to file such Confidential Information under seal. The application shall be directed to the judge to whom the Confidential Information is directed. Pending a judicial ruling on the application, the Confidential Information subject to the sealing application shall be lodged under seal.

3. Documents or other information designated as containing Confidential Information pursuant to this Stipulated Protective Order shall become public absent a separate Court order upon written motion and sufficient cause shown.

4. Nothing in this Stipulation requires the Court to automatically grant a request to file documents labeled "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" under seal.

## VI. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1. The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including subpoenas duces tecum.

2. In the event that a Party is served with a subpoena that seeks to compel the production of Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days' notice, within one (1) business day after service of the subpoena). The Designating Party may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the documents. If the Designating Party files such a

1 petition before the production date specified in the subpoena, the Party upon whom the
2 subpoena is served shall not produce the requested documents until after the United States
3 District Court for the Eastern District of California or appropriate court has ruled on the
4 petition or motion.

## VII. FINAL DISPOSITION

Within thirty (30) days after the final termination of this action, counsel for each Party shall destroy any and all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration in a written email attesting to such return and/or destruction. For purposes of this Stipulated Protective Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

## VIII. MISCELLANEOUS

1. Subject to the Provision of Paragraph VI (2), above, nothing in this Stipulated Protective Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

2. This Stipulated Protective Order is intended to regulate the production and dissemination of Confidential Information during the entirety of this action, and thereafter shall remain in full force and effect, unless and until modified, superseded or terminated by written agreement of all Parties or by order of the United States District Court. This Stipulated Protective Order shall become effective as among the Parties when executed by all Parties and upon the District Court's entry of the order approving this Stipulated Protective Order. The United States District Court for the Eastern District of California

shall retain jurisdiction to enforce the provisions of this Stipulated Protective Order and to enter amendments, modifications and additions to this Stipulated Protective Order as the United States District Court for the Eastern District of California may from time to time deem appropriate upon noticed motion of a Party or upon the United States District Court for the Eastern District of California's own motion upon notice to the parties.

      3.      Counsel for both parties shall make every attempt to redact exhibits for use at trial as opposed to marking such exhibits "CONFIDENTIAL" so as to reduce the burden of sealing the Court during trial.

      4.      Nothing in this Stipulation shall be construed as improperly limiting the rights of third parties involved in other actions to conduct discovery or to limit the subpoena power of another court unless a Court grants a properly noticed motion for protective order in such other proceedings.

**IT IS SO STIPULATED.**

[*Signatures on the next page*]

| | | |
|---|---|---|
| 1 | DATED: September 26, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | LAW OFFICES OF RAMIN R. YOUNESSI |
| 4 | | |
| 5 | | |
| 6 | | By: */s/ Heather N. Phillips* |
| 7 | | Ramin R. Younessi<br>Heather N. Phillips<br>Christopher S. Afgani<br>Attorneys for Plaintiff<br>GONZALO MATA |
| 8 | | |
| 9 | | |
| 10 | DATED: September 26, 2025 | SEYFARTH SHAW LLP |
| 11 | | |
| 12 | | By: */s/ David J. Kim* |
| 13 | | Mandana Massoumi<br>David J. Kim<br>Attorneys for Defendant<br>TARGET CORPORATION |
| 14 | | |

9

JOINT STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

320474663v.3

# **EXHIBIT "A"**

I, _____, have received and reviewed a copy of the Stipulated Protective Order entered in the case entitled *Gonzalo Mata v. Target Corporation*, Case No. 1:25-cv-00667-KES-BAM, pending in the United States District Court for the Eastern District of California ("USED") and am familiar with its terms. I agree to comply with the terms and conditions of the Stipulated Protective Order unless and until I am notified that it has been modified or vacated by the Court, at which time I will comply with such further order. I further consent and submit to the jurisdiction of the USED for the purpose of enforcing the Stipulated Protective Order, if necessary.

DATED: _____

# ORDER

The Court has reviewed the Joint Stipulation for Protective Order filed by Plaintiff Gonzalo Mata ("Plaintiff") and Defendant Target Corporation ("Defendant"), through their counsel of record, requesting that the Court enter an Order.

Having considered the above stipulation, and finding good cause, the Court adopts the signed stipulated protective order, (Doc. 21), subject to the following:

<u>Exhibit A, lines 9-10</u>: "I further consent and submit to the jurisdiction of the USED for the purpose of enforcing the Stipulated Protective Order, if necessary" is hereby struck and replaced with "I further consent and submit to the jurisdiction of the USED for the purpose of enforcing the Stipulated Protective Order, if necessary, **<u>up to and until the termination of this action</u>**."

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated: __**September 29, 2025**__          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE